## THE BOARD OF WATER COMMISSIONERS

### *v.*

### DUDLEY C. HALL.

*Filed at Springfield March 21, 1881.*

SPRINGFIELD WATER WORKS—*application of surplus water rents.* Under the charter of the Board of Water Commissioners of the city of Springfield, the receipts of the corporation from water rents and other sources, when accumulated to a sum not less than $500, and not needed for current expenses, are required to be applied first in the payment of the interest due on the bonds issued for the construction of the water works or in the purchase of outstanding bonds, etc., and the commissioners are not authorized to use such receipts in establishing new, expensive structures, with a view of improving the quality of the water supplied to the city.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. ROBINSON, KNAPP & SHUTT, for the plaintiffs in error.

Messrs. SCHOLES & MATHER, for the defendant in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was a proceeding by *mandamus,* instituted in the Sangamon county circuit court, to compel plaintiff in error to pay out of its accumulated receipts from water rents not required for current expenses, the sum of $2160, being the amount of interest on certain water works bonds theretofore issued by plaintiff in error, as evidenced by fifty-four past due interest coupons, for $40 each. No question is made with reference to the regularity of the proceeding, the sufficiency of the pleadings or the justness of the claim, and the evidence clearly shows that the plaintiff in error has in its possession accumulated receipts from water rents amounting to over $10,000, and the only question about which there seems to be any serious controversy, is, whether, under the facts of the case, the accumulated water rents in the hands of the commissioners are subject to the payment of the claim sought to be enforced. The circuit court, upon the hearing, held that they were, and accordingly awarded a peremptory *mandamus,* directing the payment of the petitioner's claim according to the prayer of the petition. On appeal to the Appellate Court for the Third District the judgment of the circuit court was affirmed, and the case comes here on error from the Appellate Court.

The plaintiff in error was incorporated under a special act of the legislature, approved February 21, 1861, by the name of "The Board of Water Commissioners of the City of Springfield." By the fourth section of its charter the commissioners are required "to consider all matters relative to supplying the city of Springfield with a sufficient quantity of water, to be taken and conducted from the Sangamon river, said commissioners to use all reasonable means to furnish the

water from said river in as pure and wholesome a state as possible." By the fifth, sixth and seventh sections the commissioners are authorized and required to establish and put in operation a system of water works, for the purpose of supplying the city of Springfield with water from the Sangamon river, as contemplated by the fourth section. By the eighth section they are for this purpose, with the assent and approval of the city council, authorized to borrow money upon the credit of the city in a sum not exceeding $200,000, and issue interest bearing bonds for the same. By a subsequent amendment to the charter, the amount authorized to be borrowed for this purpose was increased to $450,000. Sections from nine to sixteen inclusive provide for the assessment and collection of water rents, and other matters not material to the present inquiry. The seventeenth section requires semiannual reports to be made by the commissioners, under oath, of their receipts and expenditures. The eighteenth section then provides, that "whenever the receipts of the said corporation, from water rents and other sources, shall accumulate so that there shall be a surplus amounting to a sum not less than $500 not used for current expenses of the said corporation, it shall be the duty of the commissioners to invest the same, first, in the payment of the interest on said bonds as it becomes due, or in the purchase of outstanding bonds," etc.

Under the authority conferred upon the commissioners, they proceeded to borrow money and issue therefor interest bearing bonds, including those on which the interest is now sought to be recovered, and have expended the same to the amount of $450,000, the full limit of their charter, in the establishment of a system of water works, which has been in operation for a number of years,—exactly how long the record does not disclose.

It is clear, from the evidence, that there is a surplus of over $10,000 of accumulated rents in the hands of the commissioners not required for current expenses, as contemplated by the eighteenth section above cited, being more than suffi-

cient to pay the petitioner's claim, yet plaintiff in error insists that the petitioner's right to have it thus applied is subordinate to the right of the commissioners to expend it in extending their present system of works and in establishing new, expensive structures, with a view of improving the quality of the water, which is shown to have become impure, and the second proviso in the eighth section is relied on in support of this view. The proviso is in these words: "*Provided, further,* that all funds derived from the sale of the bonds of the said board, or from water rents or otherwise, shall be exclusively used for and appropriated by said board to the objects and purposes specified in this act; nor shall any part thereof be loaned to or used by the city of Springfield."

We do not think a fair construction of the language here used warrants the inference which is sought to be drawn from it. We are unable to perceive anything in it that can fairly be regarded as a limitation on the specific provision in the eighteenth section, which requires this surplus to be applied in the payment of the interest on the bonded debt, or in taking up the bonds themselves.

In view of the very large amount the commissioners were authorized to raise by issuing and negotiating the city's bonds, it is but reasonable to suppose that the legislature contemplated that the amount to be thus raised would be amply sufficient to establish and put in successful operation the proposed water works, and that when thus established they would not only be self-sustaining, but would also afford a surplus revenue in excess of that which would be required to defray the current expenses of the concern, to be applied in the reduction of the bonded debt. Hence the provision in the eighteenth section requiring it to be thus applied. And if the legislature made a mistake in reference to this matter, and more funds are required than have been provided for, it would not authorize the board to supply the deficiency out of a fund specifically appropriated to another purpose. The

proviso simply requires that the rents or other funds in the hands of the commissioners shall be appropriated to the objects and purposes *specified in the act.* And since whatever an act of the legislature expressly requires to be done must be regarded as one of the objects or purposes of the act, we are unable to perceive why the application of the surplus rents, when not less than $500, and not required for "current" expenses, in liquidation of the interest on the bonded debt would not be an appropriation of such surplus to the objects and purposes specified in the act, as required by the proviso in question. At any rate, we are of opinion that the specific provision of the eighteenth section is not limited by anything contained in the eighth or any other section in the charter, and it therefore follows that any surplus, not less than $500, in the hands of the commissioners, and not needed for current expenses, must be applied as required by the eighteenth section,—and that is what the petition in the present suit seeks to have done. The difficulties and embarrassments of the board in not being able to fully accomplish the original objects and purposes of the act, by reason of a want of the necessary funds, are matters addressed to the wisdom and discretion of the legislature rather than the judicial department of government.

We are of opinion that the judgment of the circuit court in awarding the peremptory writ of *mandamus* was proper, and that consequently the Appellate Court committed no error in affirming it.

The judgment of the Appellate Court is, therefore, affirmed.

*Judgment affirmed.*